UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEW ORLEANS SECULAR**<br>**HUMANIST ASSOCIATION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-3165** |
| **CYNTHIA BRIDGES, SECRETARY**<br>**OF THE LOUISIANA DEPARTMENT**<br>**OF REVENUE** | **SECTION: "C"** |

## ORDER & REASONS

Before this Court is a Motion to Set Attorneys' Fees (Rec. Doc. 25) filed by Plaintiff, New Orleans Secular Humanist Association, Inc. ("Plaintiff" or "NOSHA"). Defendant, Cynthia Bridges, ("Defendant" or "Bridges") has not filed an opposition to the motion. The motion is before the Court on briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court finds that the Motion to Set Attorneys' Fees is **GRANTED**.

## I. BACKGROUND

NOSHA is a Louisiana non-profit corporation which seeks to raise public awareness about the values of secular humanism. NOSHA paid sales and use taxes in Louisiana for a variety of purposes, including the purchase of services and materials, the publishing of news and educational information, and the payment of overnight lodging. The defendant is Cynthia

Bridges, Secretary of the Louisiana Department of Revenue, a subdivision of the Louisiana State government authorized under La. R.S. 47:1501. In her capacity as Secretary, Bridges was charged with enforcing the unconstitutional tax exemptions.

The Plaintiff made facial constitutional challenges to La. R. S. 47:301(8)(e) and La. R. S. 47:301(8)(d) under 42 U.S.C. §1983.[1] Louisiana Revised Statute 47:301(8)(e) exempted the Society of the Little Sisters of the Poor from paying any sales tax and La. R. S. 47:301(8)(d) exempted churches and synagogues from paying sales tax for the purchase of bibles, song books and literature used for religious purpose. Plaintiff claimed that, the statutes are narrowly drafted to benefit only religious taxpayers and lack constitutionally required breadth and neutrality.

The same statutes had previously been attacked by the American Civil Liberties Union Foundation of Louisiana. *American Civil Liberties Union of Louisiana v. Cynthia Bridges, Secretary of the Louisiana Department of Revenue,* Case No. 00-1614, 2000 WL 1741860 (E.D.La. 2000). The ACLU was represented by the same attorneys who represent Plaintiff in the case at bar. In that case, the ACLU prevailed on the merits and attorneys' fees were awarded. *Id.* However, the Fifth Circuit Court of Appeals reversed the decision and the attorneys' fees award on the grounds of lack of jurisdiction. *American Civil Liberties Union of Louisiana v. Cynthia Bridges, Secretary of the Louisiana Department of Revenue,* 334 F.3d 416 (5th Cir. 2003). The United States Supreme Court expressly abrogated the Fifth Circuit's decision in *Hibbs v. Winn,* 542 U.S. 88, 124 S.Ct. 2276, 159 L.Ed. 2d 172 (2004). In response, the ACLU Foundation of

---

[1] The suit also challenged La. R. S. 47:301(6)(b); La. R. S. 47:301(14)(b)(4); La. R. S. 33:4574.1; La. R. S. 47:301(8)(e)(I) and La. R. S. 47:301(8)(d). After that suit, the legislature amended La. R. S. 47:301(6)(b); La. R. S. 47:301(14)(b)(4) and La. R. S. 33:4574.1 to eliminate the specific religious exemptions. However, La. R. S. 47:301(8)(e)(I) and La. R. S. 47:301(8)(d) still exempted religious organizations.

Louisiana moved to have the Fifth Circuit's decisions vacated. Attempts were unsuccessful and the attorneys' fees were lost.

The attorneys have moved this Court to award attorneys fees pursuant to 42 U.S.C. § 1988. They seek a total of $13,180.00, alleging that they spent 48.1 hours working on the case at hourly rates of $350 for the senior attorney and $150 for the junior attorney. The attorneys also request an upward adjustment in the amount of attorneys fees in light of their uncompensated work on the ACLU case that carried over to this case.

## II. ANALYSIS

Title 48 section 1988 of the United States Code permits a District Court, in its discretion, to award a reasonable attorneys' fee to the prevailing party in an action brought to enforce a provision of 42 U.S.C. § 1983, among other laws. This action was brought to pursuant to section 1983 to enforce rights guaranteed by the First and Fourteenth Amendments of the United States Constitution. Therefore, this Court has discretion to award reasonable attorneys' fees.

Once the Court concludes that a party is entitled to attorneys' fees, it must use the lodestar method to determine the amount to be awarded. *Wenger v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997), *citing, Todd v. AIG Life Ins. Co.,* 47 F.3d 1448, 1459 (5ht Cir. 1995). Under this method, the Court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates of the participating attorneys and then multiply the two figures to arrive at the proper lodestar. *Id, citing, Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) and *Forbush v. J.C. Penny*, 98 F.3d 817, 819 (5th Cir. 1996). The lodestar is then adjusted depending on the circumstance of the case after assessing: (1) the time

and labor required for the litigation; (2) the novelty and complexity of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorneys' customary fees; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Id., citing, Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).

As mentioned above, this court previously granted these attorneys fees in a similar case that was overturned by the Fifth Circuit. In that case, the attorneys claimed that they worked 121.03 hours on the case at a rate of $250 per hour. The Court accepted the amount of time but adjusted the hourly rate to $200 to arrive at a total attorneys' fees award of $24,206.00.

Plaintiff's attorneys, Gregory Bachaud ("Mr. Bachaud") and Edmund J. Schmidt, III ("Mr. Schmidt"), have submitted affidavits and itemized invoices (Rec. Doc. 25). Mr. Schmidt, the senior attorney on the case, claims that he worked 31.7 hours on the case at a rate of $350 per hour. Mr. Bachaud, the junior attorney, claims that he worked 13.95 hours on the case at an hourly rate of $150. In sum, the attorneys are requesting $13,180 in fees. These fees seem quite reasonable. It is expected that an attorney would raise his rates over time as he gains more experience and the economy changes.

Furthermore, in light of the fact that these attorneys were uncompensated for their work on the earlier related case, this Court agrees that an upward adjustment in the attorneys' fees award is appropriate. As a result, the attorneys are entitled to an additional $4,900 for the time

they spent researching the issues in the ACLU case.[2]

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Set Attorney's Fees is **GRANTED.**

IT IS FURTHER ORDERED that attorneys' fees in favor of the Plaintiff be and are hereby awarded as follows: 31.7 hours at a rate of $350 per hour, 13.90 hours at a rate of $150 per hour, and 24.5 hours at a rate of $200 per for a total attorneys' fee s award of $18,080.

New Orleans, Louisiana, this 26th day of September, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] This amount was determined by a review of the invoices presented in the ACLU case. The Court reasoned that 24.5 hours of research time carried over to the present case and determined that the appropriate hourly rate was $200.